**In Re Manfred ROBL and Sieglinde Robl, Debtors.**

**Appeal of CHEMICAL BANK.**

**Bankruptcy No. 80 C 2576.**

United States District Court, E. D. New York.

June 22, 1981.

**156**

Harold Weisblatt, New York City by Theodore M. Finkel, New York City, for appellant.

Thomas F. Foy, Middle Island, for debtors-appellees.

## MEMORANDUM OF DECISION

NEAHER, District Judge.

This is an appeal by Chemical Bank from an order of the Bankruptcy Court (Hon. Boris Radoyevich, Judge) denying the Bank's motion for an extension of time to serve upon the debtors' attorney a summons and notice of trial of an adversary proceeding to determine the dischargeability of a debt owed to the Bank.

The debt in question arose out of the following circumstances. In February 1979 the debtor Manfred Robl was the principal officer and shareholder of an automobile dealership, Pic Motors Corp. The Bank entered into an inventory financing agreement to lend funds to Pic on a revolving basis secured by Pic's inventory of automobiles and a personal guarantee of Robl. In August 1979 the Bank learned that Pic was "out of trust" on its inventory, and subsequent investigation indicated that Robl had obtained funds from the Bank by pledging vehicles not owned by Pic and had altered business records to conceal the fact. The Bank subsequently repossessed certain inventory on which it held chattel mortgages, so that Pic's total indebtedness of $263,755 was reduced to $161,755. To recover the latter amount, the Bank instituted a civil action in the New York Supreme Court in October 1979. That action has been stayed, however, by order entered in this bankruptcy and served on the Bank on April 4, 1980.

In the affidavit of the Bank's attorney in support of its motion for an extension of time to proceed against the debtors, it is asserted that the Bank's first notice of the bankruptcy was the aforementioned order it received on April 4, 1980. It further appears that William A. Gerber, Esq., an attorney in the Bank's Legal Department, located at the Bank's headquarters, 20 Pine Street, New York City, then requested the debtors' attorney, Thomas F. Foy, Esq., to forward all subsequent notices to the Bank's Legal Department, and repeated this request on or about June 13, 1980, also indicating that the Bank would probably object to the debtors' discharge.

On May 6, 1980, the Bank had in fact received a copy of a notice and order for a meeting of creditors, which fixed June 16, 1980 as the last date for the filing of objections to the debtors' discharge and the filing of a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c). The notice, however, had not been sent to the Bank's Legal Department in New York City but to its Personal Credit Center, P.O. Box 603, Melville, Long Island. Since that address was only a "payment" box number, and the order referred only to the names of the individual debtors, a clerk in that office checked those names against the personal credit index for Robl, which revealed only debts for overdrafts on a checking account and a delinquent home improvement loan. Since these were claims being handled by outside collection attorneys, and the clerk had no knowledge of Robl's liability as a guarantor of Pic's indebtedness, the notice was sent to the local attorneys for handling and no one else was notified. The Bank claims that had the notice been addressed generally to the Bank in Melville and not to a payment box number, it would have been brought to the attention of an officer having knowledge of Robl's guarantee of the Pic indebtedness.

In denying the Bank's motion to extend the time to object to the debtors' discharge, the Bankruptcy Court stressed the Bank's knowledge of the existence of the bankruptcy as early as April 1980, and its failure, through its attorneys, to concern itself

with the status of the proceedings. In the Court's opinion this precluded any finding° of excusable neglect on the Bank's part.

On this appeal the Bank recognizes that Bankruptcy Rule 810 requires the District Court to accept the Bankruptcy Court's findings unless they are clearly erroneous. Although no evidentiary hearing was held, the facts relied upon by the parties are not materially in conflict and were fully detailed in the respective affidavits submitted to the Bankruptcy Court, which have been summarized above. The Bank also concedes that under Bankruptcy Rule 906(b), after expiration of the time period to perform an act, the party requesting an extension of time has the burden of showing a reasonable basis for granting relief under the doctrine of excusable neglect. The Bank's effort to meet that burden boils down essentially to these contentions: (1) the Bank should not be penalized for the routine attention given the Bankruptcy Court's notice by employees unfamiliar with such matters; and (2) the interests of equity and the possible exposure of fraud warranted the exercise of discretion to afford the Bank the opportunity to contest the debtors' discharge.

The difficulty with the Bank's position is that it already knew about Robl's alleged fraud and was in the process of suing him in State Supreme Court on those grounds. The debtors' application for a stay order which brought that action to a halt indicated on its face that the Robl defendants had filed a bankruptcy petition and listed the Bank as a creditor with its address at "P.O. Box 603, Melville, New York 11747." There is no dispute that the Bank received a copy of that affidavit on April 4, 1980, and that it was promptly brought to the attention of an attorney in the Legal Department. The Bank's obligation to act to protect its own interest in the bankruptcy proceeding then became clear. The duty to provide the Bank with further notice of proceedings certainly did not rest with the debtors' attorney.

"Where a litigant's own internal procedures are the cause of a failure to comply with proper legal procedures courts generally refuse to grant relief from the consequences of the lack of compliance." *In Re Biddy*, 7 B.R. 50, 7 B.C.D. 84, 85 (Bkrtcy.N. D.Ga.1980). The reason is obvious: such a neglect to timely perform a duty cannot be said to be beyond the reasonable control of the person whose duty it was to perform. *In Re Manning*, 4 B.C.D. 304 (D.Conn.1978). That was unfortunately the situation here. The Bank's attorneys had the requisite information in time but failed to take reasonable steps to enter an appearance in the bankruptcy proceeding and take the necessary steps to insure that they would receive notice of further developments.

The Bankruptcy Court did not abuse its discretion in denying the untimely application and its order is affirmed.

SO ORDERED.

The Clerk of Court is directed to forward copies of this Memorandum Decision to the Bankruptcy Court, Eastern District of New York; and to counsel for the parties.