In re Francis William PETERSEN aka Francis William "Bill" Petersen aka Bill Petersen dba Farmer/Rancher fdba Superior Trailer Sales, Inc., Dora Lee Petersen, Debtors.

Robert MENKE, Plaintiff,

v.

Francis William PETERSEN, Defendant.

Bankruptcy No. 80–00283.
Adv. No. 81–0145.

United States Bankruptcy Court,
N. D. Iowa,
Cedar Rapids Division.

Dec. 2, 1981.

David Scieszinski, Wilton Junction, Iowa, for plaintiff.

R. Fred Dumbaugh, Cedar Rapids, Iowa, for defendant.

*Findings of Fact, Conclusions of Law, and Order, with Memorandum*

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is the timeliness of Robert Menke's Complaint challenging the dischargeability of debts allegedly owed to him by Francis William Petersen. The matter was taken under advisement and the Court, having been fully advised, now makes the following Findings of Fact, Conclusions of Law, and Order:

## FINDINGS OF FACT

1. On November 26, 1980, Francis William Petersen and his wife filed a joint petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

2. On January 28, 1981, the Court entered an Order providing for a § 341(a) meeting of creditors on February 10, 1981, and fixing March 27, 1981, as the last day for filing complaints challenging the dischargeability of debts owed by the Petersens.

3. The aforesaid Order, combined with notice thereof and of the automatic stay, was timely mailed to all parties in interest.

4. On March 27, 1981, the attorney for Roger Menke (hereinafter "Plaintiff") mailed a copy of a document entitled "Objections to Discharabilty [sic] Debts" (hereinafter "Complaint") to the attorney for Francis William Petersen (hereinafter "Debtor"). However, the Complaint itself was not filed with the Court until Monday, March 30, 1981, three days after the filing deadline.

5. The Complaint seeks a determination that the debt owed Plaintiff by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523.

6. On April 8, 1981, Plaintiff's counsel filed an "Amended Complaint" asking that the caption on the previously filed Complaint be amended to bear a caption conforming to Form No. 24 of the Local Rules of Procedure.

7. On April 14, 1981, Debtor filed an Answer generally denying the allegations in the original Complaint. Additionally, Debtor answered that the Complaint had not been timely filed and was defective in that it had failed to comply with the procedural rules for commencing an adversary proceeding in bankruptcy.

8. Debtor in its Answer prayed that the Complaint be dismissed with costs.

9. Plaintiff's Complaint was not timely filed.

10. No excusable neglect has been shown by Plaintiff.

## CONCLUSIONS OF LAW

1. Bankruptcy Rule 409(a), as incorporated by Local Rule 4003, requires the Court to fix a time for the filing of a § 523 complaint challenging the dischargeability of a debt.

2. A § 523 complaint must be filed within the period fixed by the Court unless the Court grants an extension of time.

3. A complaint is not filed until it is received by the Court. A plaintiff does not comply with an adversary complaint deadline merely by mailing the complaint on the filing deadline.

4. If the period originally fixed by the Court has not elapsed, an extension of time will be granted for cause shown if a request is made by a party in interest.

5. If the period originally fixed by the Court has elapsed, an extension of time will be granted upon a showing of excusable neglect.

6. Since Plaintiff has failed to establish excusable neglect, Plaintiff's Complaint should be dismissed as untimely filed.

7. The Debtor is not entitled to costs and a reasonable attorney's fee under § 523(d).

## ORDERS

IT IS THEREFORE ORDERED that Plaintiff's Complaint be denied and dismissed.

IT IS FURTHER ORDERED that Debtor's request for costs be denied.

## MEMORANDUM

The issue before the Court is whether a § 523 complaint filed subsequent to the filing deadline fixed by the Court may nonetheless be considered by the Court in the absence of a showing that the failure to comply with the deadline was the result of excusable neglect.

## DIVISION I

Like the Bankruptcy Act of 1898, the Bankruptcy Code denies the discharge of a debt of the debtor if a creditor files a timely complaint and establishes the grounds necessary to cause the debt to be nondischargeable. 11 U.S.C. § 523. Rule 409(a)(2) [1] of the Bankruptcy Act, as incorporated by Local Rule 4003, sets out the time frame for filing a timely § 523 complaint:

"*Time for Filing Complaint Under [§ 523(c) of the Code]; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to [§ 523(c) of the Code]. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

1. Section 405(d) as contained in Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598 provides:

"The rules prescribed under section 2075 of Title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under Title 11, to the extent not inconsistent with the amendments made to this Act, or with this Act, until such rules are repealed or superceded by rules prescribed and effective under such section, as amended by Section 248 of this Act."

"The time fixed by this subdivision of the rule remains in effect."

*1979 Collier Pamphlet Edition: Bankruptcy Rules,* Part 2, p. 163, ("1978 Bankruptcy Code-Comment").

The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph."

The Court in the case at bar set a filing deadline 45 days after the first meeting of creditors even though a no dividend notice was given to all interested parties. Plaintiff's counsel mailed his § 523 Complaint on the filing deadline, but it was not filed until Monday, March 31, 1981, one working day and three calendar days after the filing deadline fixed by the Court.

### DIVISION II

■ Plaintiff's counsel argues that his Complaint was filed with the Court when it was placed in the mail. However, the mailing of a complaint does not constitute filing. Rule 509(b) [2] requires the bankruptcy clerk to note on a complaint the date of its filing; this procedure contemplates the effective filing of a complaint on the date it is received by the Court. Though *service* or *notice* to a party is complete upon mailing of a complaint under Rule 906(e) [3], *filing* is not made until the complaint is received by the Court. Therefore, the Complaint in this case was not timely filed.

### DIVISION III

Since Plaintiff's Complaint was not timely filed, the question becomes whether the Plaintiff should be granted an extension of time. The standard of proof which a creditor must meet in order to be granted an extension of time depends on when the request is made. If the request is made within the "period originally prescribed", Rule 906(b)(1) controls. If the request is

made "after the expiration of the specified period", Rule 906(b)(2) controls. Rule 906(b) reads:

"*Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect ...*" (emphasis added).

Some courts have adopted a view that Rule 906(b) is inapplicable where an extension of time is requested under Rule 409(a)(2). *In re Koritz*, 2 B.R. 408, 413 (Bkrtcy., Mass.1979); *In re Rapino*, 11 B.R. 651, 4 C.B.C.2d 925, 933 (Bkrtcy., E.D.N.Y. 1981). The concern of these courts seems to be that Rule 906(b)(2)'s "excusable neglect" requirement is too difficult a burden for some creditor to meet and results in meritorious causes of action being dismissed.

■ The majority of courts, however, do hold that Rule 906(b) limits the discretionary power of the court to extend the time for filing a § 523 complaint. *In re Robert E. Breining*, 6 B.R. 837, 7 B.C.D. 7 (Bkrtcy., S.D.N.Y.1980); *Matter of Anderson*, 5 B.R. 47, 2 C.B.C.2d 818 (Bkrtcy., N.D.Ohio 1980); *In re Krage*, Bankruptcy No. 79–04378, 3 (B.C.N.D.Iowa 1981). The *Rapino* court notes several reasons why Rule 906(b) has been held applicable:

"... the importance of expedition in the administration of a bankrupt's case; the Advisory Committee's reference to Rule 906; and the fact that paragraph (c) of Rule 906, which deals with reductions in

---

**2.** The only change in Rule 509(b) effected by the adoption of the Code is that the "reference to the district clerk is superceded by the Code." *1979 Collier Pamphlet Edition: Bankruptcy Rules, Part 2,* p. 174 ("1978 Bankruptcy Code-Comment").

**3.** "[Rule 906] is not affected by the Code." *1979 Collier Pamphlet, supra.* Part 2, p. 269 ("1978 Bankruptcy Code-Comment").

**602**

time, specifically exempts Rule 404(a), whereas no similar exclusion appears in paragraph (c), treating with extensions of time." *In re Rapino, supra,* 11 B.R. 651, 4 C.B.C.2d at 932.

*Collier* also feels that Rule 906(b)(2) limits the court's discretionary power under Rule 409(a)(2) to grant an out-of-time extension. *See* 12 *Collier on Bankruptcy* (14th ed. 1978) ¶ 409.2, 4–82. The Court feels that the majority position is more persuasive and concludes that its discretion to extend the time for filing a § 523 complaint is limited by Rule 906(b).

As was noted above, Rule 906(b)(1) sets out the standard by which a court may grant an extension of time for filing a § 523 complaint within the "period originally prescribed" by the court. Some courts have held that for purposes of Rule 906(b), the "period originally prescribed," within which the bankruptcy court may extend the time for filing a § 523 complaint for cause shown, is the maximum deadline permitted by Rule 409(b), i. e., ninety days from the date of the first meeting of creditors. *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14 (E.D.Wisc.1974); *In re Rapino, supra,* 11 B.R. 651, 4 C.B.C.2d at 933. This Court cannot accept such a construction of Rule 906(b). The "period originally prescribed" is the time originally fixed by the Court as the filing deadline under Rule 409(a)(2), which in the case at bar was 45 days after the first meeting of creditors. It makes little sense to give the bankruptcy court discretion to fix the filing deadline earlier than 90 days after the first meeting of creditors if a creditor may thereafter obtain an extension of time upon a simple showing of cause. If the creditor fails to file a complaint or apply for an extension of time before the time fixed by the court, the granting of an extension is controlled by rule 906(b)(2).

The Plaintiff filed his Complaint outside the filing deadline. He did not request an extension within the period fixed by the Court. Rule 906(b)(2) therefore comes into play in determining whether Plaintiff should be granted an extension.

Rule 906(b)(2) requires that a party establish "excusable neglect" before a court will grant him an extension of time in which to file his complaint. Excusable neglect is "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Manning,* 4 B.C.D. 304 (B.C.Conn.1978).

Categories of conduct which constitute excusable neglect include:

"Where there is doubt as to whether the creditor received adequate notice of the deadline for filing complaints, *In re Young,* [1 B.R. 387 (B.C.M.D.Tenn.1979)]; *In re Wooding,* 1 B.C.D. 451 (D.Kan. 1974); mishandling of papers by the bankruptcy court clerk's office which delayed the docketing of the creditor's papers, *In re Garrett,* 6 C.B.C. 736 (S.D.N.Y. 1975); where the creditor mailed its paper prior to the date fixed under Rule 409(a)(2) but was not delivered to the court until after said date due to the slowness of the mail, *In re Delmonico,* 5 C.B.C. 385 (D.Minn, 1975); *In re Young, supra;* and where the debtor's action or conduct prevented the creditor from filing timely the application to determine dischargeability or from obtaining an extension of time in which to file said application. *Paully v. Magnotti,* 182 F.2d 466 (2nd Cir. 1950); *In re Wooding, supra.*"

*In re Elliano,* 9 B.R. 287, 288 (B.C.E.D.N.Y. 1981).

Conduct which does not constitute excusable neglect includes:

"Where late filing results from a lack of knowledge of the law, substantive or procedural, *In re Young, supra; In re Molnar,* 2 C.B.C.2d 174 (W.D.Pa.1974); difficulty with office help, inadvertence, and the press of other business, *In re Gertz* [1 B.R. 183 (B.C.D.Cal.1979)]; *In re Koritz, supra; In re Murphy,* [1 B.R. 736 (B.C.S. D.Cal.1979)]; and where the delay resulted from matters entirely within the control of the creditor; *In re Young, supra.*"

*In re Elliano, supra,* 9 B.R. at 288–89.

Since Plaintiff's counsel in the case at bar has offered no reason why he failed to

comply with the filing deadline, the Court must conclude that the delay resulted from matters entirely within his control.

The Court reiterates that Plaintiff's § 523 Complaint was not timely filed. Even if the Court were to construe the Complaint as an application for an extension of time, the request was made outside the period originally fixed by the Court as a filing deadline. The request cannot be granted since there has been no showing that Plaintiff's failure to comply with the original filing deadline was the result of excusable neglect. Therefore, Plaintiff's Complaint[4] must be dismissed.

### DIVISION IV

Debtor has requested that he be awarded costs in the event that Plaintiff's Complaint[5] is dismissed. Section 523(d) provides:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this subsection, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

However, this section is not applicable to the case at bar. Although Plaintiff in effect argues that the debts owed him are nondischargeable under subsection (a)(2), the debts incurred in purchasing a livestock trailer and cattle do not constitute consumer debts.[6] Even if the debts were consumer debts, there was no "proceeding to determine dischargeability" since the Court dismissed the Complaint as untimely. Finally, even if the Court ruled that the dismissal of the Complaint as untimely constituted a "proceeding to determine dischargeability," the Court would not award costs and a reasonable attorney fee because the granting of such a judgment would be clearly inequitable. Requiring the Plaintiff to pay such a judgment after the dismissal of his Complaint would be, in the Court's opinion, clearly inequitable.

---

4. For purposes of this Opinion, Plaintiff's original pleading was accepted as a sufficient complaint. Debtor's counsel attacked the original pleading as insufficient in that (i) the pleading was not entitled a "complaint" as required by Rule 703; (ii) the pleading lacked a proper caption as required by Official Form No. 24 of the Local Rules; and (iii) the pleading lacked a "statement of claim and demand for judgment" as required by Rule 409(b). This Court, however, is of the opinion that a pleading constitutes an effective § 523 complaint so long as it challenges the dischargeability of a debt of the debtor and alleges sufficient facts to suggest that the debt is nondischargeable under § 523. Plaintiff's Complaint was therefore sufficient.

5. The Complaint alleged fraudulent conduct by the Debtor who purchased a livestock trailer and cattle from the Plaintiff with checks which were not paid because of insufficient funds.

6. Section 101(7) of the Bankruptcy Code defines a "consumer debt" as a "debt incurred by an individual primarily for a personal, family, or household purpose."