**In re George D. GIDEON, Patricia S. Gideon, Debtors.**

**Bankruptcy No. 181–00299.**

United States Bankruptcy Court, D. Maine.

Feb. 24, 1982.

Harvey J. Putterbaugh, Trustee, Portland, Me., for trustee.

Warren C. Shay, Perkins, Townsend & Shay, P.A., Skowhegan, Me., for Skowhegan Savings Bank.

John F. Logan, Logan & Kurr, Bangor, Me., for debtors.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Skowhegan Savings Bank ("bank") brought a motion for extension of time in which to file its complaint to determine the dischargeability of a debt. The bank received notice in October of 1981 that the last day for filing such a complaint would be January 5, 1982. Counsel for the bank stated that after a discussion with the trustee on November 4, 1981, he had not yet decided whether or not to file a complaint. Shortly thereafter, counsel began preparing for a lengthy jury trial in another matter. Following the trial, counsel sought to

"catch up on all matters in the office which had been left unattended. In the process of doing so [counsel] overlooked the requirement of filing a Complaint to Determine Dischargeability of Debt in this case." The present motion for extension of time, accompanied by a complaint for dischargeability of debt, was filed on January 20, 1982.

Rule 409(a)(2), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint to determine dischargeability of a particular debt as follows:

> *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2)[1] of the Act.... The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

The Advisory Committee's Note to Rule 409 states that "the time fixed by the court under paragraph (2) may be extended as provided therein *and in Rule 906(b)*." (Emphasis added). Rule 906(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) ..., 302(e), 403(c), 607, 752(b), 802, 923, and 934, except to the extent and under the conditions stated in them.

Thus, in accordance with the Advisory Committee's Note to Rule 409, it appears that Rule 409(a)(2) should be read in con-

---

1. Local Bankruptcy Rule 4003 modifies Rule 409(a) by changing the reference to § 17(c)(2) of the Act to read as a reference to § 523(c) of the Code.

junction with, and as limited by, Rule 906(b).[2] Where, as here, the application for extension of time is made after the expiration of the specified period, the moving party will be required to demonstrate that his failure to act in a timely fashion was the result of excusable neglect. *In re Parrish*, 8 BCD 285, 285–86, 13 B.R. 539, 540, (Bankr. W.D.Ky.1981); *In re Breining*, 6 B.R. 837, 841 (Bankr.S.D.N.Y.1980); *In re Goode*, 6 BCD 70, 71, 3 B.R. 207, 209 (Bankr.W.D.Va. 1980); *In re Young*, 1 B.R. 387, 390 (Bankr. M.D.Tenn.1979); *In re Gertz*, 1 B.R. 183, 185 (Bankr.C.D.Cal.1979); see *In re Lee*, 18 C.B.C. 136, 140 (Bankr.E.D.Va.1978). *Contra In re Rapino*, 11 B.R. 651, 657 (Bankr.E. D.N.Y.1981); *In re Roberts*, CCH Bankr.L. Rep. ¶ 67,081 (Bankr.N.D.Miss.1981).

It has been argued that extensions of time should be liberally granted in order to encourage parties to oppose discharges where there are reasonable grounds to suspect that an objection exists. *See In re Rapino*, 11 B.R. at 655, *citing* 1A *Collier on Bankruptcy*, ¶ 14.06 (14th ed. 1978). But balancing this interest is the interest in securing a prompt settlement of the estate of all debtors within a limited period. *See Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); Rule 903. Application of Rule 906(b) serves both goals. Where a party believes that reasonable grounds for objection exist, but wishes further time to investigate before deciding whether to file a complaint, he may move for an extension of time *before* the specified period expires. Rule 906(b)(1) does not require a showing of excusable neglect in such a case; courts have generally unlimited discretion to grant extensions of time pursuant to Rule 906(b)(1). *In re Parrish*, 8 BCD at 286, 13 B.R. at 540; *In re Goode*, 6 BCD at 71, 3 B.R. at 209. Thus, the *diligent* creditor will be encouraged to investigate and oppose a discharge in an appropriate case, while at the same time the settlement of the bankruptcy estate will not be delayed by the late objection of a party who lacks a suitable excuse for his tardiness. The prophylactic effect of Rule 906(b)(2) would be nil were the court to routinely grant extensions of time where parties could have easily acted in a timely fashion.

▮ Thus, it has been said that an "extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough." *In re Parrish*, 8 BCD at 286, 13 B.R. at 540; *In re Breining*, 6 B.R. at 842; *In re Starkey*, 1 C.B.C. 138, 142 (Bankr.W. D.Wis.1973). In the instant case, counsel alleges in substance that he overlooked the filing deadline due to the press of other business. That does not rise to the level of excusable neglect. *See In re Parrish*, 8 BCD at 286, 13 B.R. at 540 (counsel involved in another trial the week preceding expiration of filing period); *In re Lee*, 18 C.B.C. at 143–44 (counsel working on two other petitions at same time); *see also In re Rogers*, 2 B.R. 485, 487 (Bankr.W.D.Va.1979) ("Nowhere, however, is it recognized that counsel's heavy workload ... constitutes excusable neglect."); *In re Gertz*, 1 B.R. at 185 (breakdown in office procedures). This court concurs with the First Circuit Court of Appeals, which stated in a case involving a request for extension of time to appeal:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

*Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir. 1978); *accord Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me.1981) (interpreting M.R.Civ.P. 73(a)).

---

**2.** Further support for this conclusion can be gleaned from comparing Rule 906(b) and 906(c). The latter, which governs reduction in times provided by the rules or by court order, specifically excludes Rule 409(a)(2) from its operation. The former, while it excludes other rules from its operation, does not exclude Rule 409(a)(2). Since the rule-makers clearly knew how to exclude a rule from the ambit of Rule 906, and so excluded Rule 409(a)(2) from the operation of Rule 906(c), the obvious inference to be drawn is that Rule 906(b) was intended to limit Rule 409(a)(2). *See In re Lee*, 18 C.B.C. 136, 140 (Bankr.E.D.Va.1978).

The bank's motion for extension of time is denied.   Enter order.