**In re Robert W. GREIG, Debtor.**

**Bankruptcy No. 181–00159.**

United States Bankruptcy Court,
D. Maine.

March 4, 1982.

Michael D. Seitzinger, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, Me., for plaintiff.

Robert Checkoway, Preti, Flaherty & Beliveau, Portland, Me., for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Bank of Maine ("bank") brought a motion for extension of time in which to file its complaint to determine the dischargeability of a debt. Notice was sent on or about June 4, 1981 that the last day for filing a complaint to determine dischargeability of any debt would be August 18, 1981. The bank does not allege that it failed to receive said notice. On December 1, 1981, the bank's Executive Vice President delivered to the bank's attorneys a personal financial statement executed by the debtor in September, 1979. This statement, which is allegedly materially false and is the basis upon which the bank rests its complaint, was in the bank's possession at all times following the debtor's filing of his petition for bankruptcy. On January 11, 1982, the bank filed its motion for extension of time.

This Court has recently held that where the application for extension of time is made after the expiration of the specified period, the moving party must demonstrate that its failure to act in a timely fashion was the result of excusable neglect. *In re Gideon*, ——, BCD ——, 17 B.R. 826 (Bkrtcy. D.Me.1982). In *Gideon*, the Court stated that "an 'extension will not be granted where the delay could have been prevented by the diligence of the party.'" *Id.*, quoting *In re Parrish*, 8 BCD 285, 286, 13 B.R. 539, 540 (Bkrtcy.W.D.Ky.1981). In the instant case, the bank was, at all pertinent times, in possession of the document upon which it bases its complaint. Obviously, this delay of nearly five months could have been prevented had the bank been diligent. In fact, the bank has presented this Court with no excuse at all for its failure to examine the debtor's 1979 financial statement prior to the expiration of the time for filing complaints. Accordingly, the bank's motion for extension of time must be denied. *See In re Goode*, 6 BCD 70, 3 B.R. 207 (Bkrtcy.W.D.Va.1980). Enter order.