## NEW YORK CITY SHOES, INC.

### v.

### Rose McCARTHY.

### Civ. A. No. 90–1077.

United States District Court,
E.D. Pennsylvania.

May 10, 1990.

Warren Pratt, Philadelphia, Pa., for Rose McCarthy.

Katherine McAlice, Philadelphia, Pa., for New York City Shoes, Inc.

James J. O'Connell, Philadelphia, Pa., for Asst. U.S. Trustee (Dept. of Justice).

## MEMORANDUM

GILES, District Judge.

This is an appeal from a final order of the bankruptcy court entered on February 15, 1990. This court has jurisdiction to hear such appeals pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

In April of 1986, New York City Shoes, Inc., and lessor, Rose McCarthy, entered into a commercial lease agreement under which New York City Shoes rented a storefront. New York City Shoes paid rent through May 15, 1987. It made no further payments after that date, although it remained in possession until late September, 1987.

On July 7, 1987, New York City Shoes filed a petition for bankruptcy under Chapter 11. The bankruptcy court established December 31, 1987, as the bar date for filing pre-petition proofs of claim, and December 2, 1988, as the bar date for filing administrative proofs of claim. Ms. McCarthy received timely notices of the bar dates established by the bankruptcy court. She filed neither a pre-petition proof of claim nor an administrative proof of claim.

On July 6, 1989, New York City Shoes filed a Complaint to Avoid Preferential Transfers against Ms. McCarthy pursuant

to section 547 of the Bankruptcy Code. On December 29, 1989, Ms. McCarthy asserted a defense for unpaid rents pursuant to 11 U.S.C. § 365(d)(3). This section provides, in relevant part:

> The trustee shall timely perform all the obligations of the debtor, ... arising from and after the order of relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected.

Under 11 U.S.C. § 365(d)(4), the lease must be assumed or rejected within sixty days after the filing of the bankruptcy petition. Accordingly, Ms. McCarthy's defense stated a claim for rents owed during the sixty-day period following the filing. *See In re Damianopoulos*, 93 B.R. 3, 8 (Bankr.N.D. N.Y.1988).

The bankruptcy court conducted a trial and entered judgment for New York City Shoes in the amount of $8,950.10, plus interest and costs. The court rejected the defense asserted under section 365(d)(3). The court reasoned that Ms. McCarthy had failed to file a timely administrative claim for the rents owed. The court also reasoned that she had "alleged no facts establishing the requisite 'excusable neglect' necessary to permit the filing of a late claim." Record at Document 7, p. 6.

Ms. McCarthy appeals from this finding. She argues that a claim under section 365(d)(3) can always be asserted as a defense to the estate's preference claim, regardless of whether the claim under section 365(d)(3) was timely filed. Because the appeal concerns a question of law, this court's review is plenary. *J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*, 891 F.2d 66 (3d Cir.1989). For the reasons which follow, the bankruptcy court's order is affirmed.

Bankruptcy Rule 9006(b)(1) provides, in relevant part:

> (W)hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its dis-

cretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The bar date for the filing of administrative claims was December 2, 1988. Ms. McCarthy never filed an administrative claim, and did not raise her section 365(d)(3) defense until December 29, 1989. Accordingly, under Bankruptcy Rule 9006, the bankruptcy court was correct in holding that Ms. McCarthy was required to demonstrate excusable neglect. *See Menke v. Peterson*, 15 B.R. 598 (Bankr.N.D.Iowa); *In re Webb*, 8 B.R. 535 (S.D.Tex.1981).

Ms. McCarthy argues that, nonwithstanding Rule 9006, administrative claims under section 365(d)(3) can always be asserted as a defense to preference claims. Ms. McCarthy relies exclusively on *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969 (Bankr.E.D.Pa.1987), and *In re Sechuan City, Inc.*, 96 B.R. 37 (Bankr.E.D.Pa.1989). Regarding the former, Ms. McCarthy points to the court's finding that a landlord has an "automatic allowed administrative expense claim" under section 365(d)(3). 73 B.R. at 974. Regarding the latter, Ms. McCarthy points to the court's support for the "general proposition" that "it is appropriate to permit a set-off of mutual postpetition obligations." 96 B.R. at 44.

These cases are not on point, for neither addresses the issue of timeliness. Indeed, in *In re Dieckhaus Stationers of King of Prussia*, the landlord's motion for relief under section 365(d)(3) was filed even before the sixty-day period described in section 365(d)(4) had expired. 73 B.R. at 970. In the present case, the sixty-day period expired on September 7, 1987. Ms. McCarthy did not file a claim at that time. Neither, despite receiving notice of the bar date, did she file an administrative claim before the bar date of December 2, 1988. Because Ms. McCarthy's application for relief was untimely, Bankruptcy Rule 9006 applies, and the bankruptcy court's order must be affirmed as a matter of law.[1] I

---

1. Under Rule 9006(b), a bankruptcy court's re-   fusal to find exusable neglect must be reviewed

need not consider New York City Shoes' additional argument that 11 U.S.C. § 547(c) does not permit recoupment defenses to preference claims.

under the abuse of discretion standard. *Vertientes, Ltd. v. Internor Trade, Inc.*, 845 F.2d 57, 59 (3d Cir.1988). Here, Ms. McCarthy does not argue that the bankruptcy court abused its discretion, but only that it applied the wrong standard (hence, this court's plenary review).

Nevertheless, to the extent that the bankruptcy court refused to find exusable neglect, it does not appear that the court abused its discretion. On the record before this court, there are no facts presented or arguments advanced which speak to excusable neglect.