**In re Pat Morris BIDDY, Jr. and Biddy Lumber Co., Debtors.**

**Bankruptcy No. 80–00191R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

Oct. 28, 1980.

Robert K. Finnell, Rome, Ga., for Pat Morris Biddy.

Clinton J. Morgan, Rome, Ga., for DeForest.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

An "Application to Extend Time to File Complaint Re: Dischargeability" filed by DeForest Lumber Company, Inc. brought the matter involved herein before the Court. Having considered the application and the briefs submitted by the parties the Court makes the following decision.

### FINDINGS OF FACT

1. Pat Morris Biddy, Jr. and Biddy Lumber Company filed a joint petition under chapter 7 of title 11 of the United States Code on April 21, 1980.

2. Notice of no dividend was sent to the creditors of the debtors involved herein in the notice for the first meeting of creditors dated May 8, 1980.

3. The Court set June 20, 1980 as the last date for filing complaints objecting to the discharge of the debtors and complaints to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c).

4. Applicant DeForest Lumber Company, Inc., (hereinafter referred to as "DeForest") was represented by attorney Walter J. Matthews at the first meeting of creditors held on May 22, 1980.

5. Upon finding that his representation of DeForest created a conflict of interest Mr. Matthews withdrew as DeForest's attorney. On May 28, 1980 Mr. Matthews informed DeForest of this conflict and his consequent inability to represent DeForest by letter sent to the attention of Mr. R. David Bain.

6. Mr. Matthews' letter did not come to the attention of the principals of DeForest, Mr. Kenneth Northrop and Mr. John Betts, until June 26, 1980.

7. DeForest did not file a complaint to determine the dischargeability of a debt on or before June 20, 1980.

8. An "Application to Extend Time to File Complaint Re: Dischargeability" was filed by DeForest on July 9, 1980.

9. The debtors involved herein received a discharge on August 19, 1980, and this bankruptcy case was closed on August 29, 1980.

### APPLICABLE LAW

The applicable Bankruptcy Rule is Rule 409(a)(2) which reads:

"The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17(c)(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph."

In the instant case the deadline for filing complaints to determine dischargeability was set less than 30 days from the first date set for the first meeting of creditors. However, pursuant to Rule 203(b) of the Bankruptcy Rules, notice of no dividend was sent to the creditors of the debtors involved herein in the notice for the first meeting of creditors dated May 8, 1980. Under Rule 409(a)(2) the filing deadline could have been set as early as the date set for the first meeting of creditors which was May 22, 1980. Accordingly, this Court concludes that the filing deadline was properly set in this case.

A bankruptcy court may for cause, on its own initiative or on application of a party

in interest, extend the time for filing a complaint to determine the dischargeability of a debt. Rule 409(a)(2) of the Bankruptcy Rules; *In Re Jones*, 560 F.2d 775 (7th Cir. 1977). Where the time within which a specified act is allowed or required to be done has expired, the court may permit the act to be done where the failure to act was the result of excusable neglect. Rule 906(b)(2) of the Bankruptcy Rules.

Courts have been willing to hear complaints on the dischargeability of a debt where some timely filed pleading has raised the issue, albeit ambiguously. *In Re Vaughn*, 462 F.Supp. 1040 (N.D.Tex.1978); *In Re Vines*, 430 F.Supp. 465 (N.D.Ala. 1977) affirmed 560 F.2d 1022 (5th Cir. 1977). In the instant case there is no timely–filed pleading which raises the issue of the dischargeability of a debt owed by the debtors herein to DeForest.

Some courts have been more favorably inclined toward granting an extension of time where an application for an extension was filed within the 90 day time period prescribed by Rule 409(a)(2) but after the deadline set by the court for filing a complaint to determine dischargeability. *In Re Loveridge*, 2 BCD 1597 (D.Conn.1977); *Kennan v. Builders Appliances, Inc.*, 384 F.Supp. 14 (E.D.Wis.1974). In each of these two cases there was a finding of excusable neglect on the part of the party who failed to timely act.

This Court is of the opinion that where a creditor fails to file a complaint to determine the dischargeability of a debt before the deadline set by the court for the filing of such complaints, the excusable neglect standard of Rule 906(b)(2) of the Bankruptcy Rules is the standard to be applied to determine the merits of an application to extend time.

Excusable neglect has been defined as a failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform. *In Re Manning*, 4 BCD 304 (D.Conn.1978). It is a flexible concept which requires a showing of good faith by the party seeking an extension of time, a reasonable basis for the noncompliance within the required time period and lack of prejudice to the opposing party. *In Re Murphy*, 1 B.R. 736 (S.D.Cal.1979).

In the instant case DeForest was represented by able counsel until a conflict of interest prevented counsel's continued representation of DeForest. Mr. Matthews notified a Mr. Bain of his withdrawal from representation of DeForest in this bankruptcy case prior to the expiration of the deadline for the filing of complaints to determine dischargeability. Apparently Mr. Bain did not inform either Mr. Northrup or Mr. Betts, the principals of DeForest, that Mr. Matthews was no longer acting as attorney for DeForest until after the filing deadline had passed. There is an allegation that Mr. Bain retained another attorney for DeForest after receiving Mr. Matthews' letter, but no explanation has been proffered for this second attorney's failure to timely file a complaint. The Court finds that a breakdown of internal communications in DeForest is the cause of DeForest's failure to file a complaint to determine dischargeability within the time period set by the Court.

Where a litigant's own internal procedures are the cause of a failure to comply with proper legal procedures courts generally refuse to grant relief from the consequences of the lack of compliance. See *Baez v. S.S. Kresge Company*, 518 F.2d 349 (5th Cir. 1975); *Greenspun v. Bogan*, 492 F.2d 375 (1st Cir. 1974); *International Corporate Enterprises v. Toshoku Ltd.*, 71 F.R.D. 215 (N.D.Tex.1976); *Wagg v. Hall*, 42 F.R.D. 589 (E.D.Pa.1967); *Nelson v. Coleman Company*, 41 F.R.D. 7 (D.S.C. 1966). Although these cases deal with motions to open judgments the same principle has been applied by bankruptcy courts with regard to motions to extend time to file complaints to determine dischargeability. *In Re Manning, supra; In Re Smith*, 2 BCD 968 (D.Conn.1976).

The right of a litigant to be heard is of paramount importance. *Council of Federated Organizations v. Mize*, 339 F.2d 898

(5th Cir. 1964); *Woodham v. American Cystoscope Company of Pelham, N. Y.*, 335 F.2d 551 (5th Cir. 1964). Some indulgence on the part of the court is called for where failure to comply with proper legal procedure is due to circumstances beyond a litigant's control for an innocent litigant should not be unjustly ·deprived of his day in court. However the need for some tolerance of deviation from proper legal procedure is not so compelling where the litigant himself bears the fault of failure to timely act.

It was said by the court in *In Re Koritz*, 2 B.R. 408, 413 (D.Mass.1979):

"While the court may well have discretionary power to extend the time for filing pleadings after the expiration date, it should not be lightly exercised, especially when the result of an extension would run counter to the goals of expeditious administration of the estate and the speedy determination of the status of the bankrupt's obligations as dischargeable or nondischargeable."

DeForest received notice of Mr. Matthews' withdrawal as attorney for DeForest in time to obtain other legal representation. Due to a breakdown in DeForest's internal communications this was not done. Because the internal communication procedures of DeForest are matters within the control of the principals of DeForest, they had the means to prevent a communication breakdown such as that which occurred in this case. This Court concludes that there has been no showing of excusable neglect on the part of DeForest.

The debtors herein received a discharge on August 19, 1980, and this case was closed on August 29, 1980. To allow DeForest to file a complaint to determine dischargeability of a debt at this time would be disruptive of the orderly administration of the debtors' estate and prejudicial to the debtors.

## CONCLUSIONS OF LAW

1. The deadline for filing complaints to determine the dischargeability of a debt was properly set in this case.

2. The failure of DeForest to timely file a complaint to determine the dischargeabili-

ty of a debt was not the result of excusable neglect. Accordingly this Court concludes that this is not a proper case for the exercise of this Court's discretion in favor of an extension of time. It is therefore

ORDERED that the application for extension of time shall be and same is hereby denied.