In re James A. PARRISH d/b/a Russellville Wholesale Company, Debtor.

CITIZENS NATIONAL BANK OF RUSSELLVILLE, KENTUCKY, Plaintiff,

v.

James A. PARRISH, Defendant.

Bankruptcy No. 1–80–00230.
Adv. No. 1–80–0044.

United States Bankruptcy Court,
W. D. Kentucky.

July 6, 1981.

Philip I. Huddleston, Bowling Green, Ky., for plaintiff.

Keith Carwell, Bowling Green, Ky., for defendant/debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of Citizens National Bank of Russellville, Kentucky (Citizens), for leave to file its complaint out of time. An objection to the motion has been filed by the debtor.

The facts as they pertain to the issue in question are not in dispute and may be summarized as follows:

On or about July 17, 1980, James A. Parrish d/b/a Russellville Wholesale Company, filed a voluntary petition in bankruptcy under Chapter 7 of Title 11 of the United States Code.

The Court issued an order dated July 31, 1980, setting the date of the meeting of creditors for September 5, 1980, and further setting December 5, 1980, as the last date for filing complaints alleging nondischargeability under the Bankruptcy Code, 11 U.S.C. § 523(c).

The creditor, Citizens, was listed pursuant to the bankruptcy petition as holding a security interest in inventory of the debtor in the amount of $49,427.47, the amount owing on the date of filing.

Subsequently, the inventory of the debtor was sold at public auction by the trustee on September 24, and 25, 1980. After deducting costs of the sale, the trustee petitioned the Court to allow the payment of the proceeds in the amount of $8,020.15 to Citizens as payment in full of its secured claim in the inventory. After the expiration of ten days' notice to creditors for objections, and there having been none submitted, the Court entered an order dated March 12, 1981, authorizing this disbursement by the trustee.

Citizens did not file a complaint to determine the dischargeability of the debt on or before December 5, 1980. A "Motion and Affidavit to File Complaint Out of Time" was filed simultaneously with a Complaint alleging nondischargeability of the debt on December 10, 1980.

Rule 404(a) and (c), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint objecting to a debtor's discharge pursuant to § 727 of the Bankruptcy Code, as follows:

(a) *Time for Filing Complaint Objecting to Discharge.* The court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the meeting of creditors.

(c) *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

Interim Rule 4002 modifies Rule 404 to only a slight extent by providing that Bankruptcy Rule 404 applies in cases filed under Chapter 7, Liquidation, of the Bankruptcy Code except that the references to § 14(c) of the Act shall be read as references to § 727(a) of the Code.

Similarly, Rule 409(a)(2), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint to determine dischargeability of a particular debt pursuant to § 523(c) of the Bankruptcy Code as follows:

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The

court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Interim Rule 4003 modifies Rule 409(a)(2) by changing the reference to § 17(c)(2) of the Act to read as a reference to § 523(c) of the Code.

Both Rule 404(c) and the last sentence of Rule 409(a)(2) confer discretionary power on the court to extend the time for filing complaints, but neither rule sets forth a standard to be applied in determining whether an extension should be granted. Rule 906(b), Rules of Bankruptcy Procedure, however, does establish the standard of excusable neglect to be applied in considering out-of-time requests for enlargement of time by which an act must be done generally, as follows:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time* for taking any action under Rules 107(b)(2), 115(b)(4) . . . 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them. (Emphasis added.)

■ While courts have generally unlimited discretion under Rule 906(b)(1) to grant extensions of time for the performance of certain specified acts when application therefor is made prior to the expiration of the time provided, the same is not true where the application is made for an extension of time after the original time has expired. See *In Re Gentry*, 1 C.B.C. 433 (W.D.Va.1974); *In Re McFarland*, 4 C.B.C. 77 (W.D.Wis.1975); and *In Re Goode*, 3 B.R. 207, 6 B.C.D. 70 (Bkrtcy.W.D.Va.1980).

■ It would appear that Rule 906(b) should be read in conjunction with, and as limiting the court's discretion under Rule 404(c) and Rule 409(a)(2). The Advisory Committee's Notes to both Rules 404 and 409 make reference to Rule 906(b). *Collier on Bankruptcy* discusses application of Rule 906(b) to requests for extension of time under Rule 404(c), stating:

"The conferral of this discretionary power of Rule 404(c) is not an open-ended grant, for the Advisory Committee Note shows, its exercise must be in keeping with the limitations of Rule 906(b) on enlargement of time within which actions must be taken under an order or notice."

12 *Collier on Bankruptcy* ¶ 404.4 (14th Ed. 1976).

See also *Keenan v. Builders Appliances, Inc.*, 384 F.Supp. 14, 15 (E.D.Wis.1974), applying Rule 906(b)(2) to a request under the Bankruptcy Act for an extension of time to object to discharge; and *In Re Anderson*, 5 B.R. 47, 2 C.B.C.2d 616 (N.D.Ohio 1980), applying Rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to object to discharge.

There is no reason why the limitations of Rule 906(b) should not similarly be applicable to Rule 409(a)(2). See *In Re Fulton*, 3 B.R. 600, 604 (Bkrtcy.E.D.Mich.1980), applying Rule 906(b)(2) to a request under the Bankruptcy Act for an extension of time to determine dischargeability; and *In Re Goode, supra*, 3 B.R. at 209, 6 B.C.D. at 71, applying Rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to determine dischargeability.

Rule 906(b)(2) requires a showing of excusable neglect to permit an enlargement of time after the originally specified period has expired. "Excusable neglect" has been defined in the case of *Beneficial Finance Company of Hartford v. Manning*, 4 B.C.D. 304 (D.Conn.1978), in the following language:

"The words 'excusable neglect' are words of art, and are subject to the interpretation of the trier. The court has interpret-

ed 'excusable neglect' as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." Id. at 305.

 An "extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough." *In Re Starkey*, 1 C.B.C. 138, 142 (W.D.Wis.1973). Excusable neglect is a flexible concept which requires a showing of good faith by the party seeking an extension of time, a reasonable basis for the noncompliance within the required time period and lack of prejudice to the opposing party. *In Re Murphy*, 1 B.R. 736 (Bkrtcy.S.D.Calif.1979).

In the instant case, counsel for plaintiff alleges two circumstances as constituting the requisite "excusable neglect" in support of the motion for leave to file a complaint to determine dischargeability out-of-time; the time delay in receiving certain "civil cover sheets" from the office of the Clerk of this Bankruptcy Court, and the fact that counsel became involved in a trial the week preceding the expiration of the time for filing the complaint and was "unavailable to receive information from his secretary that the cover sheets had not arrived." Citizens, having been listed as a creditor pursuant to the petition had notice at all times during the bankruptcy proceedings as to the last date for fling of complaints to determine dischargeability. Therefore, the creditor had ample time prior to the expiration of the original time period during which counsel could have filed a motion for an extension of time in which to file this complaint pursuant to Rule 906(b)(1).

Plaintiff has failed to prove the requisite "excusable neglect" necessary for a time extension under Rule 906(b)(2).

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion of Citizens National Bank of Russellville, Kentucky, for leave to file its complaint out of time be and is overruled.