### In re Tommy Lee PEACOCK, Mary Louise Peacock, Debtors.

### Bankruptcy No. 81–00724.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Sept. 4, 1981.

John T. Barga, Tiffin, Ohio, for movant.

Michael B. Lange, Tiffin, Ohio, for debtors.

John J. Hunter, Toledo, Ohio, Trustee in Bankruptcy.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Motion of Commercial National Bank of Tiffin, Ohio (Commercial), a creditor and interested party in the above entitled action, for an order granting an extension of time within which to file objections to the Discharge of the Debtors. It is the decision of this Court that the motion is not well taken and should be denied.

On April 10, 1981, Debtors filed a joint voluntary petition for an order for relief under Chapter 7 of the Bankruptcy Code. On May 1, 1981, the Clerk of this Court mailed to the Debtors, their creditors, and all other parties in interest, an order and notice which, among other things, fixed August 11, 1981 as the last day for filing objections to the discharge of the Debtors. Creditors' Motion for Enlargement of Time was subsequently filed on August 18, 1981, seven days beyond the deadline specified in this Court's order of May 1, 1981.

Rule 404(c) of the Bankruptcy Rules provides that "[t]he court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge." Although Rule 404(c) confers discretionary power on the court to extend the time for filing complaints objecting to discharge, several courts have recently held that the standard to be applied in determining whether an extension should be granted is that set forth in Rule 906(b) of the Rules of Bankruptcy Procedure. E. g., *In re Breining*, 6 B.R. 837 (Bkrtcy.S.D.N.Y.1980); *In re Young*, 1 B.R. 387 (Bkrtcy.M.D.Tenn.1978); *In re Garchinsky*, 1 B.R. 203 (Bkrtcy.E.D. Pa.1979); See also 12 *Collier on Bankruptcy*, ¶ 404.4, at page 4–48 (14th ed. 1978).

Rule 906(b) provides in part as follows: When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*; .... (emphasis added)

Thus, under the provisions of Rule 906(b), Commercial's application for an enlargement of time in which to file objections to the Debtors' discharge, made after the deadline has expired, can only be granted upon a showing that the failure to act within the specified deadline was the result of excusable neglect. Commercial has failed to make the required showing.

A finding of excusable neglect should be formal with an evidentiary basis. *In re Webb*, 8 B.R. 535, 537 (Bkrtcy.S.D. Tex.1981); *Young, supra*, at 390. In addition, movant has the burden of proof. *Webb, supra*, at 537.

Commercial's motion makes no showing of any circumstances sufficient to justify a finding of excusable neglect. Commercial cites the need to pursue its request for production of documents, and the necessity to await activity on behalf of the trustee in pursuing certain assets of the Debtors, as reasons for granting an extension of time. This, however, is no justification for failing to file timely objections to discharge in the first instance or at least applying, within the appropriate time limits, for an extension.

Finally, public policy considerations militate against granting an unjustified extension of time. As one court recently commented:

As evidenced by the substantial number of reported opinions by bankruptcy judges discussed herein the late filing of such complaints is a vexatious problem. Not only does it involve the competing interests of the parties, but it also involves the public policy expressed in Bankruptcy Rule 903 that there be an 'expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy.'

*In re Young*, 1 B.R. 387, 390 (Bkrtcy.M.D. Tenn.1979).

Accordingly, allowing an extension of time within which to file objections to discharge under the present circumstances would not only frustrate the public policy considerations described above but would also allow attorneys and their clients to undermine the court's power to expeditiously control matters on its docket.

For the reasons discussed above; it is therefore,

ORDERED that Commercial's Motion for Enlargement of Time to file Objections to the Debtors' discharge be, and hereby is, denied.