In re Stephen M. HORVATH, Debtor.

MANUFACTURERS HANOVER TRUST COMPANY, Plaintiff,

v.

Stephen M. HORVATH, Defendant.

Bankruptcy No. 81 B 12469.
Adv. No. 82–5507A.

United States Bankruptcy Court,
S. D. New York.

June 17, 1982.

Michael H. Ganz, Woodbury, N. Y., for plaintiff.

Zoltan Hankovszky, New York City, for defendant.

## DECISION ON MOTION TO DISMISS COMPLAINT TO DECLARE DEBT NONDISCHARGEABLE AND CROSS MOTION TO ENLARGE TIME FOR FILING COMPLAINT

BURTON R. LIFLAND, Bankruptcy Judge.

Stephen M. Horvath (the "debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Reform Act (the "Code") on December 17, 1981. A first meeting of creditors was held on January 20, 1982 pursuant to 11 U.S.C. § 341. March 31, 1982 was fixed in compliance with Rules Bankr.

Proc. Rule 404(a)[1] by order of the court as the last date for filing objections to the debtor's discharge under 11 U.S.C. §§ 523 and 727. Manufacturers Hanover Trust Company (the "Bank"), a creditor with notice of all proceedings, took no action to object to the debtor's discharge until March 26, 1982, when its attorneys placed in the mail a complaint objecting to discharge under 11 U.S.C. § 523 (dischargeability of a particular debt) directed to the court clerk. On April 5, 1982, before the Bank's complaint arrived at the clerk's office, the debtor was discharged pursuant to 11 U.S.C. § 727. On April 6, 1982, the day following discharge, the clerk received the Bank's complaint.

Counsel for the Bank seeks to vacate the discharge order and claims that deposit of the complaint in the mail five days before the filing deadline sufficiently meets applicable filing requirements. The Bank curiously directs the court to the New York Civil Practice Laws and Rules (McKinney 1981) ("CPLR") for the proposition that a complaint mailed five days before its filing deadline is deemed timely filed on the mailing date. Counsel has not indicated any omission in the Bankruptcy Code, Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure or federal common law to justify utilization of a state procedural statute. The debtor moved to dismiss the complaint on the grounds that the Bank's objection is time barred under Rule 404(a)[2] since the complaint reached the clerk's office after the final date for objections. Additionally, the Bank responded with a cross motion to allow its complaint as timely filed, or in the alternative, for an extension of time for filing the objection *nunc pro tunc* pursuant to Rule 404(c)[3]. Both parties ignore Rule 409 which governs 11 U.S.C. § 523 dischargeability determination.

In deciding these motions, the first issue presented is whether a complaint objecting to discharge, upon being deposited in the mail five days before the court-fixed filing deadline, is deemed filed under applicable law. Counsel's reliance on the New York CPLR is misplaced. Rather, the appropriate provision to determine whether the complaint commencing this adversary proceeding was filed upon mailing is Bankruptcy Rule 509(b) which provides:

> *Notation of Time of Filing.* The clerk of the district court shall note on the petition the date and hour of its filing, and the clerk or the referee shall note the date of its filing on each paper thereafter filed with him.[4]

This procedure, requiring the (bankruptcy) court clerk to note on a complaint the date of its filing, contemplates the effective filing of a complaint as of the date it is received by the court *In re Petersen*, 15 B.R. 598 (Bkrtcy.N.D.Iowa 1981). As the court in *Petersen* stated: "Though *service* or *notice* to a party is complete upon mailing of a complaint under Rule 906(e)[5], *filing* is not made until the complaint is received by the court. *Petersen, supra* at 601. (emphasis in original) *See also In re Butchman*, 4 B.R. 379, 6 B.C.D. 403, 2 C.B. C.2d 174 (Bkrtcy.S.D.N.Y.1980) (petition not filed until endorsed "FILED" by the court clerk). Since the Bank's complaint was not received by the bankruptcy court clerk until six days after the filing deadline of March 31, 1982, its complaint was not timely filed.

---

1. Hereinafter, all rules cited refer to the rules contained in the Rules of Bankruptcy Procedure, promulgated by the Supreme Court pursuant to 28 U.S.C. § 2075 for use under the former Bankruptcy Act of 1898, as amended, and applicable under the Bankruptcy Code to the extent not inconsistent. *See* B.R.A. Sections 247, 402 and 405.

2. Rule 404(a) states that "(t)he court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's (debtor's) discharge under § 14(c) (§ 727) of the Act (Code)." Rules Bankr.Proc. Rule 404(a).

3. Rule 404(c) states that "(t)he court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge". Rules Bankr.Proc. Rule 404(c).

4. Rules Bankr.Proc. Rule 509(b).

5. Rule 906(e) states that "(s)ervice or notice by mail is complete upon mailing." Rules Bankr. Proc. Rule 906(e).

Having determined that the Bank's objection to debt discharge was not timely filed, the next question arising is whether the Bank is entitled to an extension of time to file its complaint under Rule 404(c) or Rule 409(a)(2).[6] Neither Rule 404(c) nor Rule 409(a)(2) expressly sets forth a standard to be applied in determining if an extension should be granted. *See In re Breining*, 6 B.R. 837, 7 B.C.D. 7 (Bkrtcy.S.D.N.Y.1980). Because these provisions do not expressly require that the extension of time be sought *before* the bar date for objections, a split of authority has arisen. Some courts have taken a strict approach in incorporating this requirement into Rule 404(a) as an absolute one. *See, e.g., In re Lola Kay, Ltd.*, 1 B.C.D. 958 (Bkrtcy.S.D.N.Y.1975); *In re Julius Wertheimer*, No. 39092 (S.D.N.Y.1973)[7].

In contrast to the strict approach adopted in *In re Lola Kay, supra*, other courts have liberally read Rule 404(c) in conjunction with Bankruptcy Rule 906(b)[8]. Rule 906(b) is a general provision allowing enlargements of time to act in bankruptcy proceedings even upon application made after the expiration of the specified time period.

Courts have read these two rules together to confer upon them a discretionary power to grant these *nunc pro tunc* applications for extensions of time to object to discharge, but only when the applicant's failure to meet the filing deadline was due to "excusable neglect". *See In re Heyward*, 15 B.R. 629 Bankr.L.Rep. (CCH) ¶ 68,469 (Bkrtcy.E.D.N.Y.1981); *In re Breining, supra; In re Goode*, 3 B.R. 207, 6 B.C.D. 70, 1 C.B.C.2d 702 (Bkrtcy.W.D.Va.1980); *In re Biddy*, 7 B.R. 50, 7 B.C.D. 84 (Bkrtcy.N.D. Ga.1980); *In re Gumieny*, 8 B.R. 602, 3 C.B.C.2d 834 (Bkrtcy.E.D.Wis.1981).

The Proposed Rules, *see* note 7, *supra*, although interesting and suggestive are only preliminary in nature and are subject to substantial revision before final adoption. They offer no real basis for eliminating judicial discretion in an appropriate situation based upon excusable neglect. Under these circumstances, this court agrees with those authorities which hold that Rule 906(b)'s "excusable neglect" standard should be read in conjunction with Rules 404 and 409 in limiting the court's discretion under these provisions.[9] Indeed,

---

**6.** Although the Bank has requested an enlargement of time under Rule 404(c), the court will also consider whether it should extend the time under Rule 409(a)(2).

Rule 409(a)(2) provides:

(2) *Time for Filing Complaint Under § 17c(2) of the Act (Section 523(c) of the Code); Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act (§ 523(c) of the Code)... The court may for cause, on its own initiative or on application of any party in interest extend the time fixed under this paragraph.

Both Rule 404(c) and the last sentence of Rule 409(a)(2) confer discretionary power on the court to extend the time for filing complaints to the debtor's discharge.

**7.** The result of these strict approach cases has been adopted by the Preliminary Draft of Proposed Bankruptcy Rules (1982). Proposed Rule 4004(b) provides that "(o)n motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be *made before such time has expired.*" * In like fashion, Proposed Rule 4007(c) regarding dischargeability under § 523(c) of the Code provides: "On motion of any party in interest,

after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be *made before the time has expired.** (* emphasis added) Proposed Rule 9006(b)(3) adds: "The court may enlarge the time for taking action under (Rules 4004(a), 4007(b)) only to the extent and under the conditions stated in those rules." Proposed Bankruptcy Rules (Prel.Draft 1982). Thus the proposed Bankruptcy Rules read together would specifically bar the relief requested herein.

**8.** Rule 906(b) provides as follows:

*Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ... Rules Bankr.Proc. Rule 906(b).

**9.** A third interpretation of Rules 404(c) and 409(a)(2) finds inapplicable the excusable neglect standard of Rule 906(b) so as to confer upon the court unlimited discretion in ruling on an untimely application for time extension. *See, e.g., In re Roberts*, (1978–1981 Transfer

the Advisory Committee Notes to both Rules 404 and 409 make reference to Rule 906(b). In addition, Collier on Bankruptcy recommends the incorporation of the excusable neglect standard of Rule 906(b) into Rules 404(c) and 409(a)(2), stating as to 404(c):

> The conferral of this discretionary power of Rule 404(c) is not an open-ended grant, for, as the Advisory Committee Note shows, its exercise must be in keeping with the limitations of Rule 906(b) on enlargement of time within which action must be taken under an order or notice.

12 Collier on Bankruptcy ¶ 404.4, and to the same effect ¶ 409(4) (14th Ed. 1976). *See also In re Anderson*, 5 B.R. 47, 2 C.B.C.2d 616 (Bkrtcy.N.D.Ohio 1980); *In re Goode, supra; In re Murphy*, 1 B.R. 736 (Bkrtcy.S. D.Cal.1979); *In re Gertz*, 1 B.R. 183 (Bkrtcy.C.D.Cal.1979).

■ "Excusable neglect" is defined by neither the Code nor the Bankruptcy Rules, and has been elusively described as "words of art". *In re Manning*, 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1978). A widely cited definition of "excusable neglect", however, was set forth in *Manning, supra* at 305, as follows:

> ... (T)he failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.

■ The applicant seeking an extension of time has the burden to prove that the delay was caused by circumstances beyond his reasonable control. *In re Webb*, 8 B.R. 535, 537 (Bkrtcy.S.D.Tex.1981); *In re Anderson, supra* at 50; *In re Rogers*, 2 B.R. 485, 487 (Bkrtcy.W.D.Va.1979); *In re Advertising Distributors*, 1 B.C.D. 1275, 1276 (Bkrtcy.S.D.N.Y.1975).

■ The Bank argues that it was not possible to discover the alleged fraud and to file a complaint objecting to discharge by the court-ordered March 31, 1982 deadline. Although the Bank concedes that it had adequate notice of the March 31 bar date, it contends that its large volume of bankruptcy claims coupled with internal administrative modifications in progress at the Bank caused the delayed filing of the complaint. Counsel for the Bank thus argues that a showing of excusable neglect has been established by these facts.

■ The circumstances surrounding the Bank's untimely application are more reflective of indolence than of excusable neglect. It is our view that the standards of *recognizable* excusable neglect are akin to those justifying application of the doctrine of force majeure. Lack of control over events is essential. A breakdown of internal procedures as cause for delay in seeking an extension of time *nunc pro tunc* to object to discharge is not to be considered beyond reasonable control of a sophisticated bank creditor. *See In re Biddy*, 7 B.R. 50, 52, 7 B.C.D. 84, 85 (Bkrtcy.N.D.Ga.1980), where the court stated:

> Where a litigant's own internal procedures are the cause of a failure to comply with proper legal procedures courts generally refuse to grant relief from the consequences of the lack of compliance. (citations omitted).

Indeed, in the instant case, it was certainly within the reasonable control of the Bank to hand deliver the complaint to the court clerk rather than risk a delayed delivery by mail.

■ Additionally, in *In re Heyward, supra* at 636, the Bankruptcy Court in the Eastern District of New York held that the factors to be considered in determining the existence of excusable neglect include the following: (1) the adequacy of the notice

Binder) Bankr.L.Rep. (CCH) ¶ 67,081 (Bkrtcy. N.D.Miss.1978). The great weight of authority, however, rejects this view. *See In re Heyward, supra* at 635; *In re Breining*, 6 B.R. at 840, 7 B.C.D. at 10; *In re Goode*, 3 B.R. at 209, 6 B.C.D. at 71; *In re Gumieny*, 8 B.R. at 603, 3 C.B.C.2d at 835; *In re Manning*, 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1978). It is the opinion of this

court that such broad discretion to allow an untimely application for an extension of time to object to discharge seriously prejudices the substantive rights of the debtor who has already been discharged or who is entitled to a discharge. *See In re Daniels*, 2 B.C.D. 526 (Bkrtcy.D.Or.1976).

provided; (2) the source of the delay and the sophistication of the creditor, and (3) the prejudice, if any, that will inure to the debtor should the objection be allowed.

There being no issue raised by counsel for the Bank as to the adequacy of the notice provided, *see In re Heyward, supra* at 636, the breakdown of internal procedures by a sophisticated bank creditor under the circumstances described does not constitute a valid excuse. Thus, because of these factors and the obvious prejudice to the discharged debtor in granting the sought after *nunc pro tunc* relief, the discharge order heretofore granted to the debtor shall remain inviolate.

Accordingly, we find that the application for an extension of time fails to meet the requirements of 906(b) as it applies to Rules 404 and 409 of the Rules of Bankruptcy Procedure. The application for an extension of time to file the complaint is denied and the debtor's motion to dismiss the Bank's complaint is granted without costs.

IT IS SO ORDERED.