In re Roger Bert DIGBY, Patricia Anne Digby, Debtors.

MASON AND LAWRENCE OF OHIO, INC., Plaintiff,

v.

Roger B. DIGBY, Patricia Anne Digby, Defendants.

Bankruptcy No. 82–01189.
Adv. No. 82–1066.

United States Bankruptcy Court, N.D. Ohio, W.D.

May 3, 1983.

Gregory D. Wilson, St. Marys, Ohio, John C. Wasserman, Toledo, Ohio, for plaintiff.

Raymond L. Beebe, Toledo, Ohio, for defendants.

Roger B. Digby, Patricia A. Digby, pro se.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Defendants' motion to dismiss Plaintiff's complaint to determine the dischargeability of a debt, upon Plaintiff's memorandum in opposition thereto, and upon Plaintiff's motion for leave to file instanter its complaint to determine dischargeability. Under the circumstances of this case, the Court finds that Plaintiff has failed to establish the requisite "excusable neglect" for the Court to grant an extension of the time for the filing of a complaint and that, therefore, the Complaint should be dismissed as untimely.

On May 28, 1982 Debtors, Roger B. Digby and Patricia A. Digby, filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* By order entered June 23, 1982 the Court among other things, set July 21, 1982 as the date for the first meeting of creditors pursuant to 11 U.S.C. § 341(a) and also fixed October 19, 1982 as the last day for the filing of objections to the discharge of the debtor pursuant to 11 U.S.C. § 727 and for filing a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c). Debtors listed Plaintiff as a creditor in their schedules filed pursuant to 11 U.S.C. § 521(1) and there has been no contention that Plaintiff did not receive a copy of the Court's June 23, 1982 order fixing the deadline which was certified as mailed to all parties in interest in this case by Deputy Clerk Kay F. Jones on June 23, 1982.

On October 22, 1982, three days after the October 19, 1982 deadline, Plaintiff filed the present complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(2). Plaintiff asserts a claim against Debtors for $22,587.00 for having erected a silo on property which Debtors, according to the allegations of the complaint, falsely represented as belonging to them. It is also asserted that Debtors falsely represented that they had obtained financing for this transaction.

On November 4, 1982 Debtors filed their notice to dismiss Plaintiff's complaint on the grounds that it was filed subsequent to

the deadline fixed by the Court's order of June 23, 1982 without previously having obtained an extension of time to do so. Debtors also request the Court to assess Plaintiff for their reasonable costs and attorneys fees. On November 9, 1982 Plaintiff filed its motion for leave to file instanter its complaint to determine dischargeability and combined therewith a memorandum in opposition to Defendants' motion to dismiss.

Rules 404 and 409 of the Rules of Bankruptcy Procedure govern the time limits within which the bankruptcy courts must fix the deadlines for filing objections to discharge and complaints to determine the dischargeability of a debt, respectively. In relevant part, Rule 404 provides:

(a) *Time for Filing Complaint Objecting to Discharge.* The court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

(b) *Notice.* The court shall give at least 30 days' notice of the time fixed for filing a complaint objecting to the bankrupt's discharge under § 14c of the Act except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203, and to the trustee and his attorney, if any, to their respective addresses as filed with the court.

(c) *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

Similarly, Rule 409(a) provides:

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint

to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Furthermore, these Rules have been modified in this district by virtue of the adoption of the Suggested Interim Bankruptcy Rules as local rules of court. Interim Rule 4002 thus modifies Bankruptcy Rule 404 by providing that Bankruptcy Rule 404 applies in cases under Chapter 7 of the Bankruptcy Code except that references to § 14c of the Act shall be read as references to § 727(a) of the Code. In a similar vein, Interim Rule 4003 changes the reference to § 17c(a) in Bankruptcy Rule 409(a) to § 523(c) of the Code.

Under these Rules the court may "for cause, on its own initiative or on application of any party in interest" extend the time for filing objections to discharge and complaints to determine the dischargeability of a debt. The rules fail, however, to specify the standard to be applied by the courts in exercising this discretion.

In *In re Peacock,* 14 B.R. 360, 361 (Bkrtcy.N.D.Ohio 1981) this Court applied the "excusable neglect" standard of Rule 906(b)(2) when considering an application to extend the time for filing objections to discharge made after the deadline originally established by the court. Similarly, a majority of courts have applied this standard in considering untimely complaints to determine dischargeability of a specific debt. *E.g., In re Heyward,* 15 B.R. 629 (Bkrtcy.E.

D.N.Y.1981); *In re Webb,* 8 B.R. 535 (Bkrtcy.S.D.Tex.1981); *In re Biddy,* 7 B.R. 50, 7 B.C.D. 84 (Bkrtcy.N.D.Ga.1980). *See also, Manufacturers Hanover Trust Co. v. Horvath (In re Horvath),* 20 B.R. 962 (Bkrtcy.S.D.N.Y.1982); *Citizens National Bank v. Parrish (In re Parrish),* 13 B.R. 539, 8 B.C.D. 285 (Bkrtcy.W.D.Ky.1981); *In re Breining,* 6 B.R. 837, 7 B.C.D. 7 (Bkrtcy.S.D. N.Y.1981) (Rule 906(b) applicable to both Rule 404(c) and Rule 409(a)(2) requests). *Contra International Playtex, Inc. v. Rapino (In re Rapino),* 11 B.R. 651 (Bkrtcy.E.D.N.Y. 1981). In accordance with the majority view, *supra,* this Court would hold that the excusable neglect standard of Rule 906(b)(2) applies in limiting a court's discretionary power to consider both untimely objections to discharge under Rule 404(c) and untimely complaints to determine dischargeability of a debt under Rule 409(a)(2).

Having once determined that excusable neglect is the appropriate standard to be applied in considering out-of-time objections to discharge and complaints to determine dischargeability, the Court is faced with the difficult question of how this elusive concept is to be defined and applied.

Using a variety of standards and considering different factors the courts have found the following types of conduct to constitute excusable neglect: where there is doubt as to whether the creditor received adequate notice of the deadline for filing complaints, *First & Peoples National Bank v. Young (In re Young)* 1 B.R. 387 (Bkrtcy. M.D.Tenn.1979); where mishandling of papers by the Bankruptcy Court's Clerk's Office could have resulted in delayed docketing of the complaint, *Beneficial Finance Co. v. Garrett (In re Garrett),* 1 B.C.D. 1543 (Bkrtcy.S.D.N.Y.1975); where the creditor mailed its complaint prior to the established deadline but it was not delivered and filed with the court until afterwards, *Sellers Investment Co.´v. Verzi (In re Verzi),* 10 B.R. 99 (Bkrtcy.S.D.Fla.1981); *Contra Manufacturers Hanover Trust Co. v. Horvath (In re Horvath),* 20 B.R. 962 (Bkrtcy.S.D.N.Y. 1982); where counsel misread the court's notice and the complaint was filed only a few days late, *Maplewood State Bank v.*

*Gerber (In re Gerber),* 7 B.R. 910 (Bkrtcy.D. Minn.1981); where deadline occurred during a transition period when the attorney handling the case was leaving the firm, *In re Webster,* 22 B.R. 11 (Bkrtcy.D.Vt.1982); *But see In re Torres,* 22 B.R. 418 (Bkrtcy.D. N.M.1982).

Conversely, the courts have failed to find excusable neglect under the following circumstances: where late filing results from lack of knowledge of the law, substantive or procedural, *In re Young,* 1 B.R. at 387; difficulty with office help, inadvertence, and the press of other business, *In re Parrish,* 13 B.R. at 539, 8 B.C.D. at 285, *Fowler v. Gertz (In re Gertz),* 1 B.R. 183 (Bkrtcy.C. D.Cal.1979); *Menna v. Murphy (In re Murphy),* 1 B.R. 736 (Bkrtcy.S.D.Cal.1979); where the delay resulted from a breakdown in counsel's or creditor's internal procedures, *In re Heyward,* 15 B.R. 629 (Bkrtcy. E.D.N.Y.1981), *In re Biddy,* 7 B.R. 50, 7 B.C.D. 84 (Bkrtcy.N.D.Ga.1980); or where the delay resulted from matters within the control of the creditor, *American Express Co. v. Elliano (In re Elliano),* 9 B.R. 287 (Bkrtcy.E.D.N.Y.1981).

A degree of consistency could be infused into this confused and difficult area if the courts were to adopt a workable definition of "excusable neglect" and, considering the respective interests involved, reach some degree of consensus as to whether the definition should be strictly or liberally construed. *Compare In re Heyward,* 15 B.R. at 629 (strict construction) with *In re Murphy,* 1 B.R. at 736 (liberal construction).

In a recent decision, the United States Court of Appeals for the Ninth Circuit in *Fasson v. Magouirk (In re Magouirk),* 693 F.2d 948, 951 (9th Cir.1982) held that in considering a motion for leave to file untimely objection to the discharge of an individual debt, a liberal construction under Rule 924 and Fed.R.Civ.P. 60(b) should be given to the "excusable neglect" standard of Rule 906(b).

In *Magouirk* the bankruptcy judge concluded that the creditor's motion for leave to file untimely objections to the discharge

of an individual debt was similar to an appeal in that it sought reconsideration of the dismissal of its complaint. The bankruptcy judge therefore applied a strict interpretation of excusable neglect under Bankruptcy Rule 802 which governs the time for filing a notice of appeal as follows:

A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect . . .

In this context, the Court of Appeals cited, "excusable neglect" is very strictly construed requiring "(1) a finding that the party failed to learn of the entry of judgment or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid an injustice." 693 F.2d at 950.

The Court of Appeals contrasted this interpretation of the "excusable neglect" standard with that under Bankruptcy Rule 924 which incorporates Rule 60(b) Fed.R. Civ.P. Rule 60(b) provides in relevant part that:

[O]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Under Rule 60(b), the court concluded, "excusable neglect is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim." 693 F.2d at 951.

In deciding that Rule 60(b) provided the proper standard the court employed the following reasoning:

Fasson's situation did not involve a challenge to the correctness of a decision on the merits, as is the case in an appeal. Instead, it concerned a failure to file the initial complaint that would initiate a decision on the merits. The motion for an extension of time to file the complaint was thus procedurally similar to a motion to set aside a default judgment under Fed.R.Civ.P. 55(c) and 60(b). A liberal interpretation of "excusable neglect" should have been applied. Because Fasson's motion was timely, and because it raised a cognizable objection to the discharge of an individual debt, on which it has been denied a hearing, 'doubt, if any, should be resolved in favor of the motion to set aside the judgment.' *Schwab* [*v. Bullock's, Inc.*] 508 F.2d [353] at 355 [9th Cir.1974] *quoting 7 Moore's Federal Practice* ¶ 60.19 (3d ed. 1978). *See also* 1A *Collier on Bankruptcy* § 14.06 (14th ed. 1978) (because of the importance of encouraging interested parties to oppose a discharge where there are reasonable grounds to suspect objection exists, the power to extend time for filing complaint should be liberally construed).

(footnote omitted)

693 F.2d at 951.

This Court cannot agree that "excusable neglect" under Rule 906(b) should be given such a liberal construction in this context. On the contrary, this writer feels that a strict construction of the "excusable neglect" standard is more appropriate.

Underlying the determination of the correct construction to be given the "excusable neglect" standard is the need to strike a balance between the Debtor's entitlement to the full benefits of his discharge and the creditors interest in avoiding the same where possible fraud exists. *See In re Elliano,* 9 B.R. at 289. The liberal construction given excusable neglect in *Magouirk,* however, which would permit under Rule 60(b)(1) motions for leave to file untimely objections to discharge and complaints to determine dischargeability up to one year after expiration of the deadline originally established by the court, unfairly and incorrectly strikes the balance in favor of the creditor. As one court remarked:

One of the primary objectives of the bankruptcy laws is the 'rehabilitation of an honest debtor by discharging his debts to afford him a fresh start in his economic

life.' *In re Vickers,* 577 F.2d 683, 686–87 (10th Cir.1978). Thus, to assure that the debtor will have a 'realistic opportunity for rehabilitation,' *In re Fulton,* 3 B.R. 600, 602 (Bkrtcy., E.D.Mich.1980), it has been 'long recognized' that it is a 'chief purpose' of the bankruptcy laws to provide for a prompt and effectual settlement and administration of the debtor's estate. *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966)...

To achieve this goal, Rule 903 requires that there be an 'expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy'. As one court cautioned, 'if the law is not to become hopelessly bogged down in delay, time limits must be upheld except in the most egregious cases....' *In re Koritz,* 2 B.R. 408, 414 (Bkrtcy., D.Mass.1979). Because time is so integral to the bankruptcy laws, the time limits that are imposed within which objections to discharge and complaints to determine the dischargeability of debts should be '*narrowly construed.*' *In re Koritz, supra* at p. 414 (emphasis added); *In re Vickers, supra* at pp. 686–87.

*In re Heyward,* 15 B.R. at 634.

The task remains of developing a definition of excusable neglect consistent with this construction. Although neither the Code nor the Rules define "excusable neglect" a widely cited definition of term does exist, *See e.g., In re Heyward,* 15 B.R. at 629, *In re Parrish,* 13 B.R. at 539, 8 B.C.D. at 285, *In re Biddy,* 7 B.R. at 50, 7 B.C.D. at 84. Thus, in *Beneficial Finance Co. v. Manning (In re Manning),* 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1978) the court defined "excusable neglect" as meaning "the failure to timely perform a duty due to circumstances beyond the reasonable control of the person whose duty it was to perform."

■ "The essence of this definition is that in order to determine that a party's failure to act within the specified period of time constituted excusable neglect, there must be a 'reasonable basis' shown." *In re Heyward,* 15 B.R. at 635. In addition, an "extension will not be granted where the

delay could have been prevented by the diligence of the party. Ordinary negligence is not enough." *In re Starkey,* 1 C.B.C. 138, 142. A finding of excusable neglect should be formal with an evidentiary basis. *In re Peacock,* 14 B.R. at 362. The party seeking the extension has the burden of proof. *Id.*

■ Applying the *Manning* definition in the present case, the court holds that Plaintiff has failed to establish the requisite excusable neglect to permit its untimely filing of its complaint to determine dischargeability.

Plaintiff urges that its complaint was untimely filed since Debtors were dilatory in supplying it with certain tax returns, financial statements, and other documents relating to Debtors' business transactions which Plaintiff was to utilize in determining if it should file a complaint to determine the dischargeability of its debt. These documents were assertedly requested at Debtors' first meeting of creditors on July 21, 1982 but only partially and belatedly supplied to it.

Also, Plaintiff claims to have minimized any prejudice that may have resulted to Debtors by the late filing by personally having delivered a copy of its complaint to Debtors' counsel on October 22, 1982, the date of the filing of the complaint, thereby eliminating the usual delay inherent in lapse of time between filing the complaint and the subsequent issuance and service of summons. Finally, Plaintiff claims that the untimely complaint has not caused any delay in the administration of the estate or the discharge of the Debtors' remaining debts.

Notwithstanding the apparent lack of cooperation of Debtors in providing Plaintiff the documents it requested, and the possible delay that may have ensued in the filing of the present complaint, this neglect is not excusable since the delay in meeting the deadline could have been easily avoided if Plaintiff had applied for an extension of time within which to file its complaint to determine dischargeability prior to the expiration of the October 19, 1982 deadline established in the court's June 23, 1982 order. Under Rule 906(b)(1) such extensions

are routinely and liberally granted upon proper application made before the expiration of the period originally prescribed or extended by previous order. There is no excuse offered for this failure and the court must assume that it resulted from Plaintiff's ordinary negligence in failing to realize the deadline was impending. The failure to apply for an extension was a matter entirely within Plaintiff's control and is thus not the result of excusable neglect. *See In re Elliano,* 9 B.R. at 287, *In re Parrish,* 13 B.R. at 539.

If Plaintiff had otherwise established a justifiable reason for failing to meet the deadline or applying for an extension, such as a failure to have received proper notice, the court would be willing to consider the relative lack of prejudice to Debtors and the relatively slight impact on the administration of Debtors' estate this failure to meet the court appointed deadline caused. Nor is the court unwilling to consider any other of the broad range of factors the courts have found relevant in the determination of the existence or non-existence of excusable neglect, *see* In re *Magouirk,* 693 F.2d 948, *In re Heyward,* 15 B.R. 629, under the appropriate circumstances. The lack of sufficient excuse for either meeting the deadline or obtaining an extension in this case however, should foreclose consideration of such factors.

As a final matter, Defendants have prayed that the court grant them their reasonable costs and attorneys fees in obtaining the dismissal of this complaint. This relief is apparently requested pursuant to 11 U.S.C. § 523(d) which provides as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

Under the circumstances of this case, however, § 523(d) is inapplicable. Although the complaint asserts a cause of action pursuant to 11 U.S.C. § 523(a)(2), the obligation in question, the cost of having erected a silo, is clearly not a consumer debt since it was not a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(7). On the contrary, the present claim was clearly for a business debt. Also, even if this was a consumer debt, the fact that the court is dismissing the complaint as untimely raises some question as to whether this was a "proceeding to determine dischargeability", and as to whether "the granting of such a judgment would be clearly inequitable", *see Menke v. Petersen (In re Petersen)* 15 B.R. 598 (Bkrtcy.N.D.Iowa 1981).

For the foregoing reasons, it is hereby,

ORDERED that Plaintiff's motion for leave to file instanter its complaint to determine dischargeability be, and hereby is, denied. It is further,

ORDERED that Plaintiff's complaint be, and hereby is, dismissed as untimely.