**In re Richard MICKEL, Debtor.**

**Bankruptcy No. 83–00369.**

United States Bankruptcy Court,
D. South Carolina.

Sept. 14, 1983.

On March 15, 1983 the office of the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina mailed an "Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of of Certain Debts, Combined with Notice Thereof and of Automatic Stay." This order fixed May 7, 1983 as the last day within which a complaint objecting to the discharge of the debtor or a complaint to determine the dischargeability of a debt may be filed.

Crocker National Bank does not contend that it did not receive this order and notice.

On May 27, 1983, Crocker National Bank filed with this court a request that "its attorneys be added to the Master Mailing list" in this case.

On July 8, 1983, Crocker National Bank filed its application to extend the time to file a complaint to determine the dischargeability of its debt and a complaint to object to the debtor's discharge.

John K. Fort, Spartanburg, S.C., for debtor.

Harry L. Goldberg, Columbia, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the motion of Crocker National Bank, a creditor of the debtor, to extend the time within which a complaint may be filed to determine the dischargeability of a debt and/or a complaint to object to the discharge of the debtor.

## FINDINGS OF FACT

On March 1, 1983 the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701, *et seq.*). In his schedules of unsecured creditors, the debtor listed, among others:

Crocker National Bank
401 W. Fourth Street
San Bernardino, CA 92401
$15,600.00.

## DISCUSSION AND CONCLUSION

### I

■ On August 1, 1983 the new Bankruptcy Rules became applicable to proceedings then pending, except to the extent that their application would be unjust, in which event the former rules would apply.

Because all relevant events in this case, except the hearing on the motion of Crocker National Bank, occurred prior to August 1, 1983, application of the new Bankruptcy Rules would be unjust; therefore, this court will apply the Bankruptcy Rules, adopted by the Supreme Court of the United States on April 24, 1973, and the Interim Bankruptcy Rules.[1]

### II

■ Bankruptcy Rule 404(c)[2] and the last sentence of Bankruptcy Rule 409(a)(2)[3]

---

1. It should be noted that neither new Bankruptcy Rule 4004 nor 4007 provide for extending the time within which to file a complaint objecting to discharge or a complaint to determine the dischargeability of a debt, unless such a motion is made before the time has expired.

2. Bankr.Rule 404(c): *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

give the court the discretion to extend, for cause, the time for filing a complaint objecting to discharge and a complaint to determine the dischargeability of a debt, respectively. Neither rule, however, provides any guidelines for determining when an extension should be granted.

The Advisory Committee's note to Bankruptcy Rule 409 states that "the time fixed by the court under paragraph (2) may be extended as provided therein *and in Rule 906(b)*." Emphasis added.

Bankruptcy Rule 906(b) states, in pertinent part:

*Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

The "excusable neglect" standard of Bankruptcy Rule 906(b)(2) should be applied in extending time under Bankruptcy Rules 404(c) and 409(a)(2) within which a complaint objecting to the debtor's discharge or to the dischargeability of a debt may be filed. *Mason and Lawrence of Ohio, Inc. v. Digby (In re Digby),* 29 B.R. 658 (Bkrtcy.N.D.Ohio 1983); *Gurney v. Gurney (In re Gurney),* 20 B.R. 91 (Bkrtcy.W.D.Mo.1982); *In re Gideon,* 17 B.R. 826 (Bkrtcy.D.Me.1982); *In re Greig,* 17 B.R. 897 (Bkrtcy.D.Me.1982); *Citizens National Bank v. Parrish (In re Parrish),* 8 B.C.D. 285, 13 B.R. 539 (Bkrtcy.W.D.Ky.1981); *Coccia v. Fischer (In re Fischer),* 6 B.C.D. 465, 4 B.R. 517, 2 C.B.C.2d 365 (Bkrtcy.S.D.Fla.1980); *In re Goode,* 6 B.C.D. 70, 3 B.R. 207 (Bkrtcy.W.D.Va.1980).

■ The burden of proving "excusable neglect" is on the party requesting the extension of time. *Manufacturers Hanover Trust Co. v. Horvath (In re Horvath),* 20 B.R. 962, 966 (Bkrtcy.S.D.N.Y.1982); *Gurney v. Gurney (In re Gurney),* 20 B.R. at 95. *Reed Lumber Co. v. Rogers (In re Rogers),* 2 B.R. 485, 487 (Bkrtcy.W.D.Va.1979) (Case under Bankruptcy Act).

■ "Excusable neglect" is not defined in the Bankruptcy Code or the Bankruptcy Rules. One widely accepted definition, set forth in *Beneficial Finance v. Manning (In re Manning),* 4 B.C.D. 304, 305 (Bankr.D.Conn.1978), defines "excusable neglect" as:

[t]he failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.

*Accord, Mason and Lawrence of Ohio, Inc. v. Digby (In re Digby),* 29 B.R. at 663; *In re Williams,* 26 B.R. 741, 745 (Bkrtcy.M.D.Tenn.1982); *Hanover Trust v. Horvath (In re Horvath),* 20 B.R. at 966; *In re Grethen,* 14 B.R. 221, 223 (Bkrtcy.N.D.Iowa 1981); *Federal Deposit Insurance Corp. v. Klayer (In re Klayer),* 13 B.R. 542, 545 (Bkrtcy.W.D.Ky.1981); *In re Webb,* 8 B.R. 535, 537 (Bkrtcy.S.D.Tex.1981); *In re Biddy,* 7 B.C.D. 84, 85, 7 B.R. 50, 52 (Bkrtcy.N.D.Ga.1980); *Reed Lumber Co. v. Rogers (In re Rogers),* 2 B.R. at 487.

In this case, the notice fixing the last day to file complaints objecting to discharge and complaints to determine the dischargeability of a debt was sent to Crocker National Bank. Even though this notice may not have been sent to the address preferred by Crocker National Bank, the notice was

---

**3.** Bankr.Rule 409(a): *Proceeding to Determine Dischargeability.* . . . (2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. *The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.* (emphasis added).

sent to a branch of the Crocker National Bank.

Thus, Crocker National Bank had notice of the deadline, and the delay in requesting an extension of time was due to circumstances solely within the control of Crocker National Bank.

■ "[E]xcusable neglect" should not be found to exist where the delay resulted from matters solely within the creditor's control. *Mason and Lawrence of Ohio, Inc. v. Digby (In re Digby), supra; American Express Co. v. Elliano (In re Elliano),* 9 B.R. 287 (Bkrtcy.E.D.N.Y.1981); *Beneficial Finance Co. v. Manning (In re Manning), supra.*

Because Crocker National Bank has not met its burden of showing that its delay was a result of "excusable neglect", and because the motion for an extension of time was made two months after the deadline set for filing the complaints, the motion should be, and it hereby is, DENIED.

AND IT IS SO ORDERED.